1  BARRY J. PORTMAN
   Federal Public Defender
2  JODI LINKER
   Assistant Federal Public Defender
3  19th Floor Federal Building
   450 Golden Gate Avenue
4  San Francisco, CA 94102
   Telephone: (415) 436-7700
5
   Counsel for Defendant PICARELLA
6

7              IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| 10  UNITED STATES OF AMERICA, | ) | No. CR-07-676 PJH |
| | ) | |
| 11                          Plaintiff, | ) | DEFENDANT'S NOTICE OF *UNOPPOSED* MOTION, MOTION AND MEMORANDUM |
| 12       v. | ) ) ) | OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EARLY |
| 13 | ) ) | TERMINATION OF SUPERVISED RELEASE |
| 14  VALERIE PICARELLA, | ) ) | Court:   Hon. Phyllis J. Hamilton |
| 15 | ) | Date:    Nov. 4, 2009 |
| 16                          Defendant. | ) ) | Time:    2:30 pm |

17
        TO: UNITED STATES ATTORNEY, PLAINTIFF; AND JOSEPH P. RUSSONIELLO,
18      UNITED STATES ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA; AND
        DEREK OWENS, ASSISTANT UNITED STATES ATTORNEY
19

20      PLEASE TAKE NOTE that defendant Valerie Picarella hereby files this Notice of Motion

21  and Motion for early termination of her term of supervised release to be heard on Wednesday,

22  November 4, 2009 at 2:30pm or as soon thereafter as the Court is available pursuant to Criminal

23  Local Rule 47-2. This motion is based on Section 3564(c) of Title 18 of the United States Code, and

24  the following memorandum of points and authorities.

25      According to the Assistant United States Attorney assigned to this case, the government does

26  not oppose this motion.

Def's Mtn For Early Term. of Probation;
*US v. Picarella*, Case No. CR 07-676 PJH         - 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

On July 7, 2008, this Court sentenced defendant Valerie Picarella to two years of probation for her conviction for False Statements or Fraud to Obtain Federal Employee's Compensation, in violation 18 U.S.C. Section 1920. Ms. Picarella has successfully completed nearly sixteen of her twenty-four months of probation, which would normally expire on July 6, 2010. Based on her successful performance on probation, Ms. Picarella hereby moves the Court for entry of an order terminating her probation. The Government does not oppose this request.

**ARGUMENT**

Under Title 18 United States Code Section 3564(c), the Court has the authority to grant early termination of a previously imposed term of probation. Section 3564(c) provides:

> The court, after considering the factors set forth in Section 3553(a), to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant ... at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice.

18 U.S.C. § 3564(c).

Ms. Picarella has already served far more than the statutory baseline of one year of supervision. Considering the relevant factors from 18 U.S.C. Section 3553(a), and taking into account Ms. Picarella's conduct on probation, the interests of justice are served by granting her early termination.

**I.   The Nature and Circumstances of the Offense and Characteristics of Ms. Picarella's Support Early Termination**

The offense conduct in this case involved Ms. Picarella's receipt of nearly $8000 in disability benefits to which she was not entitled. Specifically, from February 2004 until she pled guilty to the instant offense on February 28, 2008, Ms. Picarella was receiving disability benefits from the U.S. Department of Labor, Office of Workers' Compensation Programs. In total, she received over $140,000 in benefits. There is no dispute that she was indeed disabled and entitled to disability

1  benefits; however, during the four year period that she received benefits, Ms. Picarella received
2  $7,739 in benefits to which she was not entitled.  Because Ms. Picarella knowingly failed to report
3  certain income that she was receiving during this four year period, she was paid $7,729 in benefits
4  that she would not have been paid had she accurately reported her income.

5         This was Ms. Picarella's first – and only – offense.  The parties entered a written plea
6  agreement, which the Court accepted, requesting a sentence of two years of probation.  A key part of
7  her sentence was that Ms. Picarella repay the $7,729 in benefits.  On September 9, 2009, Ms.
8  Picarella made her final payment and has successfully paid-back the entire restitution amount.  *See*
9  Declaration of Jodi Linker ("Linker Decl."), Exhibit A, Statement of Account.

10         As of the filing of this motion, Ms. Picarella will have successfully completed nearly sixteen
11  months of her term of probation and has only eight months remaining.  Ms. Picarella has been
12  performing extremely well on supervised release: she has had no new contact with law enforcement,
13  has maintained employment, has successfully completed 120 hours of community services, and has
14  completely satisfied her restitution and special assessment.

15         At present, Ms. Picarella is gainfully employed as a freelance personal trainer in Los
16  Angeles, California.  Linker Decl., Ex. C, Letter from Ms. Picarella to the Court.  She primarily
17  works out of a gym called TRAIN in West Hollywood.  *Id*.  She is also promoting Fitness Boot
18  Camp Classes, that offer low-cost fitness classes to allow people to get into shape without the high
19  cost of a trainer.  *Id*.  Finally, she is currently working on starting the first gay and lesbian fitness
20  show.  *Id*.  Being off of probation will assist her in all of these endeavors so that she may freely
21  travel to more effectively promote her business.

22         Ms. Picarella's probation officer, Mahogany Thomas, agrees that Ms. Picarella has done well
23  on probation.[1]  According to her office policy, USPO Thomas is not permitted to either support or
24  oppose this request for early termination; however, she did state that "Ms. Picarella has been in

25

26         [1] As Ms. Picarella resides in Los Angeles, she is under courtesy supervision from the United States Probation Office in the Central District of California.

Def's Mtn For Early Term. of Probation;
*US v. Picarella*, Case No. CR 07-676 PJH       - 3 -

1 *perfect compliance* since the commencement of supervision with no violations or issues noted."

2 Linker Decl., Ex. B, Email message from USPO Thomas to AFPD Linker (emphasis added).

3     Finally, as previously noted, Assistant United States Attorney Derek Owens has no objection
4 to early termination. Linker Decl. ¶ 2.

5     Ms. Picarella's exemplary performance on supervision warrants a small reduction in her term
6 of probation. Accordingly, she respectfully moves this Court under Section 3564(c) of Title 18 for
7 early termination of her term of probation.

**II.  No Need For a Hearing Unless Such is Necessary for the Court**

9     Pursuant to the local rules, defense counsel has noticed this motion for a hearing on
10 Wednesday, November 4, 2009. Should the Court find that no hearing is warranted as there is no
11 opposition to this request and since Ms. Picarella resides in Southern California, the parties have no
12 objection to the Court ruling on the motion without a hearing. A proposed order terminating
13 probation immediately has been submitted to the Court for its consideration along with this motion.

**CONCLUSION**

15     Ms. Picarella has done extremely well on probation, has sustained no new arrests, has stable
16 employment, has paid off her restitution in full, and has completed almost sixteen of her twenty-four
17 month term of probation without incident. The Government does not oppose this request. For the
18 foregoing reasons, Ms. Picarella respectfully requests that the Court terminate her term of supervised
19 release forthwith.

20 Dated: October 22, 2009

                                  Respectfully submitted,

                                  BARRY J. PORTMAN
                                  Federal Public Defender

                                  /s/

                                  JODI LINKER
                                  Assistant Federal Public Defender